*Jonathan A. Abbott*, Assistant Attorney General, for the Commonwealth.

ATTORNEY GENERAL & another[1] *vs.* TOWN CLERK OF HUDSON & another.[2] November 19, 1990. *Practice, Civil*, Extraordinary review. *Elections*, Recall. *Municipal Corporations*, Charter.

The defendant, Carmino Longhi, has appealed from an order of a single justice of this court concerning the legality of an election in the town of Hudson which sought to recall a member of the Hudson board of selectmen. The order stated that the attempted recall election was not effective because twenty-five per cent of the registered voters had not voted in favor of recall. The order further determined that the selectman whose recall was sought remained as a duly elected member of the board of selectmen.

We agree with the single justice that the Attorney General properly proceeded by means of an action in the nature of quo warranto in the Supreme Judicial Court for Suffolk County to test the validity of the election, see G. L. c. 249, § 9 (1988 ed.); *Boston Edison Co.* v. *Boston Redevelopment Auth.*, 374 Mass. 37, 74-75 (1977), and that, as a consequence, it is unnecessary to consider the defendant's arguments about the authority of the Secretary of the Commonwealth to make and enforce orders under G. L. c. 56, § 60 (1988 ed.), concerning the legality of the election.

At issue in the case is the proper interpretation of § 3-3 (f) of the Hudson charter (as amended in 1978), which provides with respect to recall elections that:

"A majority vote to [*sic*] the voters shall be required to recall such elective officer but shall not be effective unless a total of at least 25 per cent [25%] of the electors entitled to vote on the question shall

---

[1]The Secretary of the Commonwealth.

[2]Carmino Longhi as an "acting selectman" in Hudson.

have voted for recall. If such a total is not achieved then the ballots for candidates need not be counted."

We agree with the single justice that the town clerk's interpretation of the provision contradicts the plain meaning of the charter and that, interpreted in accordance with its ordinary and usual meaning, the charter requires a favorable vote of twenty-five per cent of the registered voters in order for a valid recall to take place. The statement of agreed facts establishes that, although more than twenty-five per cent of registered voters voted in the election, less than twenty-five per cent voted in favor of recall. None of the defendant's arguments urging a contrary interpretation of § 3-3 (f) persuades us that the order of the single justice should be overturned. The order of the single justice is affirmed.

*So ordered.*

*Florence E. Freeman* for Carmino Longhi.
*Ruth A. Bourquin*, Assistant Attorney General, for the Commonwealth.